UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:18-CR-373 JCM (DJA) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| JUN GAO, | |
| Defendant(s). | |

Presently before the court is the sentencing of defendant Jun Gao in *United States v. Jun Gao*, case number 2:18-cv-373-JCM-DJA-2.

On May 24, 2023, the court conducted a sentencing hearing. After argument from counsel for both the prosecution and defendant, the court varied downward and orally imposed a sentence of 14 months in custody (a Zone B sentence), to be served as home confinement, and 111 months of supervised release, including a home confinement condition. This sentence was intended to result in a total period of home confinement lasting 135 months.

In doing so, the court committed two errors—one arithmetical and the other technical. First, the court's combined sentence of 14 months plus 111 months equals 125 months, not 135 as intended. Second, the court overlooked the fact that a Zone B sentence, while allowing for home confinement, requires at least one month of imprisonment. *See* USSG § 5C1.1(c).

Federal Rule of Criminal Procedure Rule 35 provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. Pro. 35(a). "The main function of Rule 35(a) is to allow district judges to fix errors that otherwise would be bound to produce reversal." *See United States v. Schenian*,

**James C. Mahan**
**U.S. District Judge**

847 F.3d 422, 424 (7th Cir. 2017)  (quoting *United States v. Clark*, 538 F.3d 803, 809 (7th Cir. 2008)).  The court finds that this rule contemplates correction for both errors.

The first error is plainly an arithmetic error.  The court, on the record, stated its intention to sentence the defendant to a total term that equaled the government's recommended sentence of 135 months, to which defendant did not object.  The court, unfortunately, miscalculated the combination of the two sentence components.

The second error is more complicated and more pressing.  The court's underlying intent—again, as stated on the record—was to sentence defendant to a total of 135 months of home confinement.  However, the sentence the court effectuated (a Zone B "custodial" sentence served as home confinement plus supervised release) is a legal nullity.  At least one month of a Zone B sentence must be served in custody, so the sentence the court imposed is impossible as a matter of law, and the court is authorized under Rule 35(a) to correct it *sua sponte*.  *See United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997) (acknowledging correction of a similar sentence wherein the court ordered a probationary term instead of imprisonment as required).

While it is true that an oral pronouncement of sentence controls over a written pronouncement, *see United States v. Munoz-Dela Rosa*, 495 F.3d 253, 256 (9th Cir. 1974), a written correction supersedes an erroneous, illegal oral sentence.  *See Colace*, 126 F.3d at 1231.  Therefore, exercising its limited discretion pursuant to Federal Rule of Criminal Procedure 35(a) the court will correct its oral pronouncement of sentence.

The court finds that a sentence of time served followed by 135 months of supervised release is appropriate.  This sentence represents a variance under the guideline range, but the court, considering the factors under 18 U.S.C. § 3553(a) as it did on the record, finds that the sentence is sufficient, but not greater than necessary to accomplish the goals of sentencing.

This amended sentence corrects the clear error regarding the structural requirements of a Zone B sentence, as well as the arithmetic error of the division between "custody" versus supervised release.  It effectuates the court's stated intent to sentence defendant to 135 total months of home confinement in a manner that most effectively comports with the *United States Sentencing Guidelines.*

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant JUN GAO is sentenced to TIME SERVED to be followed by 135 months of supervised release subject to the same four conditions outlined at the sentencing hearing on May 24, 2023.

DATED May 26, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**